# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0910-CG-MU |
| MOBILE POLICE DEPARTMENT, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to state a claim against the Mobile Police Department, *see id*.[1]

---

[1] Because Diamond has not stated a claim against the Defendant, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

## **BRIEF BACKGROUND**

On October 28, 2019, the *pro se* Plaintiff filed a form complaint for a civil case wherein he seeks damages for police brutality and harassment due to the illegal deployment or use of a stun gun against him by a police officer (or police officers). (*See* Doc. 1, at 4.)[2] Plaintiff names as the sole defendant the Mobile Police Department (*id.* at 1) and has check-marked the box identifying the basis for federal court jurisdiction as "Federal question" (*id.* at 3). Thereafter, however, Diamond does not identify the basis for federal-question jurisdiction (*see id.*).[3]

## **DISCUSSION**

Upon liberally construing Plaintiff's complaint, as must be done,[4] and because Diamond seeks damages for police brutality and harassment, the undersigned finds that Plaintiff is attempting to bring a claim against the Mobile Police Department pursuant to 42 U.S.C. § 1983. The provision for federal-question jurisdiction set forth in § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law

---

[2] Plaintiff's form complaint does not identify the date upon which a police officer (or police officers) utilized a stun gun against him. (*See* Doc. 1).

[3] Diamond does go on to partially complete the diversity jurisdiction section (*id.* at 3-4), though he did not earlier check-mark the diversity of citizenship box as the basis for federal court jurisdiction (*see id.* at 3). The undersigned would simply note that even if the Mobile Police Department could be considered a legal entity for diversity purposes, diversity jurisdiction does not exist inasmuch as both Diamond and the Department would be considered citizens of Alabama. *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011) ("Jurisdiction under 28 U.S.C. § 1332 based upon the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'"); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

[4] "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted).

(*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S.Ct. 2363, 2366 (2005).

Diamond has only sued the Mobile Police Department. As a general rule, "police departments are not usually considered legal entities subject to suit[.]" *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (finding police department was not a legal entity and, therefore, was not subject to suit under § 1983). "Under Federal Rule of Civil Procedure 17(b)(3), capacity to be sued is determined by the 'law of the state where the court is located" for those parties who are not an individual or corporation." *Bogus v. City of Birmingham, Alabama,* 2018 WL 1746527, *7 (N.D. Ala. Apr. 11, 2018). As recognized in *Bogus,* "[u]nder Alabama law, 'departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority. . . . Among subordinate entities generally lacking the capacity to sue or be sued separately are police departments . . . .'" *Id.,* quoting *Ex parte Dixon,* 55 So.3d 1171, 1172 n.1 (Ala. 2010) (other citation omitted). For its part, this Court has frequently "determined that police departments are not [] proper legal entit[ies] capable of being sued[,]" *Howard v. City of Demopolis, Alabama,* 984 F.Supp.2d 1245, 1253 (S.D. Ala. 2013) (citing cases), which is consistent with the stance of the other federal district courts in Alabama, *Bogus, supra*, at *7-8*; see also Hirsch v. Mathews,* 2017 WL 4639033, *6 (N.D. Ala. May 31, 2017) ("The plaintiff's claims against Ardmore Police Department must be dismissed because the Ardmore Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant in this action."), *report and recommendation adopted,* 2017 WL 4613046 (N.D. Ala. Oct. 16, 2017);

3

*Couch v. Montgomery City Police Dep't,* 2013 WL 6096362, *4 (M.D. Ala. Nov. 20, 2013) ("To the extent Plaintiff is naming the Montgomery Police Department as a defendant, a city police department 'is not a legal entity and, therefore is not subject to suit or liability under section 1983.'").

In light of the foregoing, it is clear that the Mobile Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983, *Dean, supra,* or otherwise, *see Bogus, supra*. Accordingly, the undersigned recommends that the Court find that Plaintiff has failed to state a claim upon which relief may be granted as to the Mobile Police Department, *see Couch, supra*, and dismiss this case without prejudice, prior to service, in accordance with § 1915(e)(2)B)(ii).[5]

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because the Mobile Police Department is not a legal entity subject to suit and, therefore, Diamond has failed to state a claim against the Defendant, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written

---

[5] The dismissal is without prejudice because though the Mobile Police Department is not a legal entity subject to suit this does not mean that Plaintiff is without recourse. However, the undersigned would simply advise Plaintiff that if he files suit against a legal entity subject to suit, based upon the stun gun incident, he need provide much more factual information than he has in this case, including the date that the stun gun was used against him and the factual backdrop for the use of the stun gun.

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of November, 2019.

> s/P. Bradley Murray
> **UNITED STATES MAGISTRATE JUDGE**